# EXHIBIT A

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**AT KANSAS CITY, MISSOURI**

| | |
|---|---|
| Brian King, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| Exact Sciences Corporation, | ) |
| Serve at Registered Agent: | ) |
| CSC-Lawyers Incorporating | ) |
| Service Company | ) |
| 221 Bolivar St. | ) |
| Jefferson City, MO 65101, | ) |
| | ) |
| Defendant. | ) |

Case No.:2216-CV18347

Division No.: 14

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court

Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | |
|---|---|---|---|
| Jan E. Adams | PPS22-0111 | James Hise | PPS22-0294 |
| Roger Adams | PPS22-0112 | Martin Hueckel | PPS22-0159 |
| Sandra M. Allen | PPS22-0113 | Anthony Iavarone | PPS22-0160 |
| Teresa Bailly | PPS22-0114 | George Illidge | PPS22-0161 |
| Richard Benito | PPS22-0115 | Glenn Jackson | PPS22-0163 |
| Dianna J. Blea | PPS22-0116 | Betty A. Johnson | PPS22-0164 |
| Richard J. Blea | PPS22-0117 | Justin L. Johnson | PPS22-0165 |
| Sheila P. Brooks | PPS22-0119 | Kenneth Kearney | PPS22-0168 |
| Kathy Broom | PPS22-0120 | Brent Kirkhart | PPS22-0046 |
| Gary Burt | PPS22-0012 | Janice Kirkhart | PPS22-0047 |
| Stephen C. Buskirk | PPS22-0121 | Tyler Kirkhart | PPS22-0048 |
| Danny M. Callahan | PPS22-0123 | Michele L. Kriner | PPS22-0169 |
| Esquiel Cantu | PPS22-0125 | Cecile R. Landrum | PPS22-0170 |
| William J. Caputo | PPS22-0126 | James R. LaRiviere | PPS22-0171 |
| Andre Carnes, Jr. | PPS22-0265 | Bryan Liebhart | PPS22-0172 |
| Charles Casey | PPS22-0127 | Charles Lindsay, Jr. | PPS22-0173 |
| George L. Castillo | PPS22-0128 | Bert Lott | PPS22-0174 |
| Carolyn S. Champlin | PPS22-0013 | Michael Marra | PPS22-0179 |
| Crystal Chapman | PPS22-0129 | Deborah J. Martin | PPS22-0175 |
| Randy G. Cobb | PPS22-0130 | Michael Martin | PPS22-0176 |
| Chad Compton | PPS22-0132 | Thomas Matthews | PPS22-0180 |
| Dominic DellaPorte | PPS22-0134 | Michael J. McMahon | PPS22-0183 |
| Dale Dorning | PPS22-0135 | Michael C. Meador | PPS22-0060 |
| Alexander C. Duaine | PPS22-0136 | James R. Meadows | PPS22-0186 |
| Abel Emiru | PPS22-0137 | Jerry Melber | PPS22-0187 |
| Sadie Estes | PPS22-0138 | Jenna Mendoza | PPS22-0188 |
| William F. Ferrell | PPS22-0022 | Matthew Millhollin | PPS22-0062 |
| Robert Finley | PPS22-0023 | Amanda L. Mincheff | PPS22-0189 |
| John K. Frago | PPS22-0026 | Vivian G. Mitchell | PPS22-0190 |
| Joseph S. Gates | PPS22-0141 | Linda M. Murphy | PPS22-0191 |
| Louis Gerrick | PPS22-0142 | Kelly A. Murski | PPS22-0192 |
| Brad Gordon | PPS22-0144 | Paul Nadarzzi | PPS22-0193 |

| | | | |
|---|---|---|---|
| Tom Gorgone | PPS22-0145 | Jeremy L. Nicholas | PPS22-0194 |
| Kimberly Greenway | PPS22-0146 | Jeffrey L. Nichols | PPS22-0195 |
| Lynne Grimes | PPS22-0147 | Michael Noble | PPS22-0196 |
| Charles R. Gunning | PPS22-0028 | Colter Norris | PPS22-0197 |
| Darnell E. Hamilton | PPS22-0029 | Dennis Norris | PPS22-0198 |
| James Hannah | PPS22-0030 | Kody Norris | PPS22-0199 |
| Christy Hartline | PPS22-0149 | Tory J. Owens | PPS22-0071 |
| James R. Harvey | PPS22-0150 | Orlando Parra-Alvarez | PPS22-0201 |
| Grace Hazell | PPS22-0151 | Cody Patton | PPS22-0202 |
| Stephen Heitz | PPS22-0035 | Vincent A. Piazza | PPS22-0204 |
| Jessie J. Hernandez | PPS22-0153 | Timothy Pinney | PPS22-0205 |
| Justin J. Hernandez | PPS22-0154 | Evelyn L. Porter | PPS22-0206 |
| Michael Hibler | PPS22-0155 | Christopher Reed | PPS22-0210 |
| Shelby Hibler | PPS22-0156 | Terri Richards | PPS22-0212 |
| Trinity Hibler | PPS22-0157 | Cheryl Richey | PPS22-0213 |
| Richard C. Ross | PPS22-0215 | Randy Stone | PPS22-0229 |
| David M. Roberts | PPS22-0086 | Sonja R. Stone | PPS22-0230 |
| Patricia J. Roberts | PPS22-0087 | Brittney Strozier | PPS22-0231 |
| Edna L. Russell | PPS22-0093 | Jeffrey Teitel | PPS22-0233 |
| Mark A. Russell, Jr. | PPS22-0218 | Margarita Vasquez | PPS22-0235 |
| Brenda M. Schiwitz | PPS22-0094 | Robert E. Vick, II | PPS22-0238 |
| Nathaniel Scott | PPS22-0219 | Bradley Votaw | PPS22-0239 |
| Richard Shaver | PPS22-0221 | Ambiko Wallace | PPS22-0240 |
| Joe B. Sherrod | PPS22-0222 | Vance M. Warren, Sr. | PPS22-0241 |
| Jeannie M. Simon | PPS22-0223 | Stephan R. Waters | PPS22-0242 |
| Thomas H. Skinner | PPS22-0224 | Gregory Willing | PPS22-0105 |
| Brian Smith | PPS22-0225 | Conni Wilson | PPS22-0107 |
| Gean Smith | PPS22-0226 | Mitch Wirth | PPS22-0245 |
| Anthony Spada | PPS22-0228 | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

HALBROOK WOOD, P.C.

By /s/ Anne E. Baggott
Anne E. Baggott   MO #59187
Abbey M.B. Lee   MO #72900
3500 W. 75th Street
Prairie Village, KS 66208
(913) 529-1188 – PHONE
(913) 529-1199 – FAX
abaggott@halbrookwoodlaw.com
alee@halbrookwoodlaw.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - August 19, 2022 - 02:53 PM

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____

Judge or Circuit Clerk



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | Case Number: 2216-CV18347 |
| Plaintiff/Petitioner:<br>BRIAN KING<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANNE E BAGGOTT<br>4420 Madison Ave<br>SUITE 200<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br> EXACT SCIENCES CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **EXACT SCIENCES CORPORATION**
                              **Alias:**

**RA: CSC-LAWYERS INCORP SERV CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

  **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

26-AUG-2022
       Date                                                                          Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by:  (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address).

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____               _____
  Printed Name of Sheriff or Server                          Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
                               Date                                              Notary Public

---

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

6/2020

**IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI**

Brian King,                                       )
        Plaintiff,                              )
                                                )
v.                                                )          Case No.:2216-CV18347
                                                )
Exact Sciences Corporation,                       )          Division No.: 14
Serve at Registered Agent:                        )
CSC-Lawyers Incorporating                         )
Service Company                                   )
221 Bolivar St.                                   )
Jefferson City, MO 65101,                         )
                                                )
        Defendant.                              )

<u>**MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**</u>

    COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County Court

Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| Jan E. Adams | PPS22-0111 | James Hise | PPS22-0294 |
|---|---|---|---|
| Roger Adams | PPS22-0112 | Martin Hueckel | PPS22-0159 |
| Sandra M. Allen | PPS22-0113 | Anthony Iavarone | PPS22-0160 |
| Teresa Bailly | PPS22-0114 | George Illidge | PPS22-0161 |
| Richard Benito | PPS22-0115 | Glenn Jackson | PPS22-0163 |
| Dianna J. Blea | PPS22-0116 | Betty A. Johnson | PPS22-0164 |
| Richard J. Blea | PPS22-0117 | Justin L. Johnson | PPS22-0165 |
| Sheila P. Brooks | PPS22-0119 | Kenneth Kearney | PPS22-0168 |
| Kathy Broom | PPS22-0120 | Brent Kirkhart | PPS22-0046 |
| Gary Burt | PPS22-0012 | Janice Kirkhart | PPS22-0047 |
| Stephen C. Buskirk | PPS22-0121 | Tyler Kirkhart | PPS22-0048 |
| Danny M. Callahan | PPS22-0123 | Michele L. Kriner | PPS22-0169 |
| Esquiel Cantu | PPS22-0125 | Cecile R. Landrum | PPS22-0170 |
| William J. Caputo | PPS22-0126 | James R. LaRiviere | PPS22-0171 |
| Andre Carnes, Jr. | PPS22-0265 | Bryan Liebhart | PPS22-0172 |
| Charles Casey | PPS22-0127 | Charles Lindsay, Jr. | PPS22-0173 |
| George L. Castillo | PPS22-0128 | Bert Lott | PPS22-0174 |
| Carolyn S. Champlin | PPS22-0013 | Michael Marra | PPS22-0179 |
| Crystal Chapman | PPS22-0129 | Deborah J. Martin | PPS22-0175 |
| Randy G. Cobb | PPS22-0130 | Michael Martin | PPS22-0176 |
| Chad Compton | PPS22-0132 | Thomas Matthews | PPS22-0180 |
| Dominic DellaPorte | PPS22-0134 | Michael J. McMahon | PPS22-0183 |
| Dale Dorning | PPS22-0135 | Michael C. Meador | PPS22-0060 |
| Alexander C. Duaine | PPS22-0136 | James R. Meadows | PPS22-0186 |
| Abel Emiru | PPS22-0137 | Jerry Melber | PPS22-0187 |
| Sadie Estes | PPS22-0138 | Jenna Mendoza | PPS22-0188 |
| William F. Ferrell | PPS22-0022 | Matthew Millhollin | PPS22-0062 |
| Robert Finley | PPS22-0023 | Amanda L. Mincheff | PPS22-0189 |
| John K. Frago | PPS22-0026 | Vivian G. Mitchell | PPS22-0190 |
| Joseph S. Gates | PPS22-0141 | Linda M. Murphy | PPS22-0191 |
| Louis Gerrick | PPS22-0142 | Kelly A. Murski | PPS22-0192 |
| Brad Gordon | PPS22-0144 | Paul Nadarzzi | PPS22-0193 |

Electronically Filed - Jackson - Kansas City - August 19, 2022 - 02:53 PM

| | | | |
|---|---|---|---|
| Tom Gorgone | PPS22-0145 | Jeremy L. Nicholas | PPS22-0194 |
| Kimberly Greenway | PPS22-0146 | Jeffrey L. Nichols | PPS22-0195 |
| Lynne Grimes | PPS22-0147 | Michael Noble | PPS22-0196 |
| Charles R. Gunning | PPS22-0028 | Colter Norris | PPS22-0197 |
| Darnell E. Hamilton | PPS22-0029 | Dennis Norris | PPS22-0198 |
| James Hannah | PPS22-0030 | Kody Norris | PPS22-0199 |
| Christy Hartline | PPS22-0149 | Tory J. Owens | PPS22-0071 |
| James R. Harvey | PPS22-0150 | Orlando Parra-Alvarez | PPS22-0201 |
| Grace Hazell | PPS22-0151 | Cody Patton | PPS22-0202 |
| Stephen Heitz | PPS22-0035 | Vincent A. Piazza | PPS22-0204 |
| Jessie J. Hernandez | PPS22-0153 | Timothy Pinney | PPS22-0205 |
| Justin J. Hernandez | PPS22-0154 | Evelyn L. Porter | PPS22-0206 |
| Michael Hibler | PPS22-0155 | Christopher Reed | PPS22-0210 |
| Shelby Hibler | PPS22-0156 | Terri Richards | PPS22-0212 |
| Trinity Hibler | PPS22-0157 | Cheryl Richey | PPS22-0213 |
| Richard C. Ross | PPS22-0215 | Randy Stone | PPS22-0229 |
| David M. Roberts | PPS22-0086 | Sonja R. Stone | PPS22-0230 |
| Patricia J. Roberts | PPS22-0087 | Brittney Strozier | PPS22-0231 |
| Edna L. Russell | PPS22-0093 | Jeffrey Teitel | PPS22-0233 |
| Mark A. Russell, Jr. | PPS22-0218 | Margarita Vasquez | PPS22-0235 |
| Brenda M. Schiwitz | PPS22-0094 | Robert E. Vick, II | PPS22-0238 |
| Nathaniel Scott | PPS22-0219 | Bradley Votaw | PPS22-0239 |
| Richard Shaver | PPS22-0221 | Ambiko Wallace | PPS22-0240 |
| Joe B. Sherrod | PPS22-0222 | Vance M. Warren, Sr. | PPS22-0241 |
| Jeannie M. Simon | PPS22-0223 | Stephan R. Waters | PPS22-0242 |
| Thomas H. Skinner | PPS22-0224 | Gregory Willing | PPS22-0105 |
| Brian Smith | PPS22-0225 | Conni Wilson | PPS22-0107 |
| Gean Smith | PPS22-0226 | Mitch Wirth | PPS22-0245 |
| Anthony Spada | PPS22-0228 | | |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff/Petitioner states that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

HALBROOK WOOD, P.C.

By /s/ Anne E. Baggott
Anne E. Baggott   MO #59187
Abbey M.B. Lee   MO #72900
3500 W. 75th Street
Prairie Village, KS 66208
(913) 529-1188 – PHONE
(913) 529-1199 – FAX
abaggott@halbrookwoodlaw.com
alee@halbrookwoodlaw.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Kansas City - August 19, 2022 - 02:53 PM

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals are hereby appointed to serve process in the above captioned matter.

08/26/2022 _Jennifer Brookshire_
DEPUTY COURT ADMINISTRATOR

# REQUEST TO VOID MONETARY RECEIPTS ONLY

Date: 8-17-22 CZAEGAR TRANSACTION (see separate procedures)

Prior to Phase II / _____ Phase II (4/26/04)

| | |
|---|---|
| **1. Original Case Number** | 2216-CV18347 |
| **2. Dollar Amount To Be Voided** | $36.00 |
| **3. Receipt Number To Be Voided** | 16B23672055 |
| **4. Date of Receipt To Be Voided** | 8-17-22 |
| **5. Explanation for Void**<br><br>Paid for Jackson County Sherriff fee But Cole County is who will be Serving. | ____ * Incoming check not signed - RERR<br>____ * Incoming check stale dated - RERR<br>____ Incoming check payable to wrong payee - PERR<br>____ Atty paid for service not needed - RERR<br>____ Receipt amount is entered incorrectly - FERR<br>____ Receipted to wrong case – RTRA<br>____ Receipted to wrong garnishment - RERR<br>____ * Receipted twice - RERR<br>____ Incorrect form of payment - RERR<br>____ Receipted from wrong payor id - RERR<br>____ * Check returned by bank (NSF, Stop Pay, Other) - RBAD<br>____ Wrong A code or A code entered twice - RERR<br>_X_ Fees assessed incorrectly - FERR<br>____ Correction per e-mail from __Osca, ___Fiscal Office - RERR<br>*No re-receipt necessary* |
| **6. Clerk Requesting Void** | Jennifer Brookshier |
| **7. Supervisor's signature approving void request** | *[signature]* |
| **8. Date of Void** | 8-18-2022 |
| **9. Void Receipt Number** | 16B23672055 |
| **10. Re-receipt Number** | |
| **11. Amount to Re-receipt** | $112.50 |
| **12. Payer's ID** | 59187 |
| **13. Date of Re-receipt** | |
| **14. Re-receipted to Case Number** | 2216-CV18347 |
| **15. Supervisor's signature indicating review of re-receipt & case party fee report** | |
| **16. Supervisor's signature indicating re-receipt is not necessary** | |
| **17. Explanation of no re-receipt, if not covered under the options in number 5** | |
| **18. Assistant Director's signature for prior date voids** | |

MISSOURI JUDICIARY
16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CASE PARTY FEE REPORT

## CASE ID: 2216-CV18347    BRIAN KING V EXACT SCIENCES CORPORATION

### FEES AND ADJUSTMENTS

#### Case Fees

| Detc Code | Description | Date | Fee Amount | Balance Due |
|---|---|---|---|---|
| 3062 | Sheriff - Civil - Circuit | 17-Aug-2022 | $26.00 | $0.00 |
| 3008 | Law Library-Circuit | 17-Aug-2022 | $20.00 | $0.00 |
| 3070 | Dom Viol-Dissolutions-Circuit | 17-Aug-2022 | $2.00 | $0.00 |
| 3350 | Circuit Civil Costs w/o SRF | 17-Aug-2022 | $83.50 | $0.00 |
| 3065 | Sheriff Deputy Salary Supp | 17-Aug-2022 | $10.00 | $0.00 |
| 3104 | Postage - Circuit | 17-Aug-2022 | $7.00 | $0.00 |
| | | **Total Fees:** | **$148.50** | **$0.00** |
| | | **Grand Total Case and Party Fees:** | **$148.50** | **$0.00** |

### RECEIPTS

| Party Name (Party ID) | Detc Code | Description | Date | Receipt No. | Bond/ Acct ID | Void Ind. | Non-Monetary Amount | Monetary Amount |
|---|---|---|---|---|---|---|---|---|
| BAGGOTT, ANNE E (59187) | 1109 | Credit Card-eFiling | 17-Aug-2022 | 16B23672055 | | | $0.00 | $148.50 |
| | | | | 3062 - Sheriff - Civil - Circuit | 0.00 | $26.00 | | |
| | | | | 3008 - Law Library-Circuit | 0.00 | $20.00 | | |
| | | | | 3070 - Dom Viol-Dissolutions-C | 0.00 | $2.00 | | |
| | | | | 3350 - Circuit Civil Costs w/o S | 0.00 | $83.50 | | |
| | | | | 3065 - Sheriff Deputy Salary Si | 0.00 | $10.00 | | |
| | | | | 3104 - Postage - Circuit | 0.00 | $7.00 | | |
| | | | | **Grand Total Receipts:** | | | **$0.00** | **$148.50** |

PRC:20974198 ECF:EF27922126



**IN THE 16TH JUDICIAL CIRCUIT
JACKSON COUNTY, MISSOURI
JACKSON - KANSAS CITY**
415 E 12TH, KANSAS CITY, MO 64106

Payor: ANNE E BAGGOTT
4420 MADISON AVE
SUITE 200
KANSAS CITY, MO 64111

| | |
|---|---|
| Receipt Date: | 17-Aug-2022 |
| Receipt Number: | 16B23672055 |
| Date Printed: | 17-Aug-2022 |
| Time Printed: | 02:27 PM |

**RECEIPT**

Case Number: 2216-CV18347 - BRIAN KING V EXACT SCIENCES CORPORATION

| | | |
|---|---|---|
| | Case Balance Due prior to receipt: | $148.50 |
| | Sheriff-Civil: | -$26.00 |
| Pet Filed in Circuit Ct | Law Library: | -$20.00 |
| Pet Filed in Circuit Ct | Dom Viol-Civil: | -$2.00 |
| Pet Filed in Circuit Ct | Circuit Civil Costs (Metro): | -$83.50 |
| | Sheriff Deputy Salary Supp: | -$10.00 |
| Pet Filed in Circuit Ct | Postage: | -$7.00 |
| | Remaining Case Balance Due: | $0.00 |
| | **Payment Types Applied to Case(s)** | **Amount** |
| | Credit Card-eFiling: | -$148.50 |

| | | |
|---|---|---|
| | Total Payment(s): | $148.50 |
| | Remaining Balance Due for Cases Listed Above: | $0.00 |

**Receipt Text:** PRC:20974198  ECF:EF27922126

**Note:** Information shown on receipt is current as of date printed.

**Case Information for Case(s) Listed Above:**

Case Number: 2216-CV18347 - BRIAN KING V EXACT SCIENCES CORPORATION

**Party:** KING BRIAN

**Party:** EXACT SCIENCES CORPORATION

**Next Scheduled Event:** Case Management Conference, 30-Nov-2022 at 09:00 AM.

**Judge For Event:** TORRENCE JOHN M.

**Location of Event:** Jackson County, DIVISION 14

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**BRIAN KING,**

      **PLAINTIFF(S),**     **CASE NO.  2216-CV18347**

**VS.**                 **DIVISION 14**

**EXACT SCIENCES CORPORATION,**

      **DEFENDANT(S).**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

---

   NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JOHN M. TORRENCE** on **30-NOV-2022** in **DIVISION 14** at **09:00 AM**.   All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16<u>th</u> Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at <u>www.16thcircuit.org</u> after filing an application for continuance to determine whether or not it has been granted.

    A lead attorney of record must be designated for each party as required by Local Rule 3.5.1.  A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

   At the Case Management Conference, counsel should be prepared to address at least the following:

    a.  A trial setting;

    b.  Expert Witness Disclosure Cutoff Date;

    c.  A schedule for the orderly preparation of the case for trial;

    d.  Any issues which require input or action by the Court;

    e.  The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JOHN M. TORRENCE**
JOHN M. TORRENCE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
ANNE E BAGGOTT, 4420 Madison Ave, SUITE 200, KANSAS CITY, MO 64111

Defendant(s):
 EXACT SCIENCES CORPORATION

 Dated: 17-AUG-2022

MARY A. MARQUEZ
Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☒ AT KANSAS CITY    ☐ AT INDEPENDENCE

**RE**:    **BRIAN KING V EXACT SCIENCES CORPORATION**
**CASE NO:    2216-CV18347**

**TO:    ANNE E BAGGOTT**
**4420 Madison Ave**
**SUITE 200**
**KANSAS CITY, MO  64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _____.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:    YOU PAID $36.00 FOR SHERIFF SERVICE AND THE SERVICE ADDRESS IS NOT IN JACKSON COUNTY AND IS IN COLE COUNTY SO, YOU WILL RECEIVE A REFUND OF $36.00 AND YOU WILL NEED TO PAY THE COLE COUNTY SHERIFF TO SERVE THE SUMMONS PACKET.  QUESTIONS CONTACT JENNIFER AT 816-337-8967.  THANK YOU**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed AUGUST 17, 2022 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**

CI

_____
AUGUST 17, 2022
Date

By _____
Deputy Court Administrator
☒ 415 East 12th St., Kansas City, Missouri 64106
☐ 308 W. Kansas, Independence, Missouri 64050



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN M. TORRENCE | **Case Number: 2216-CV18347** |
| Plaintiff/Petitioner:<br>BRIAN KING | Plaintiff's/Petitioner's Attorney/Address<br>ANNE E BAGGOTT<br>4420 Madison Ave<br>SUITE 200<br>KANSAS CITY, MO 64111 |
| **vs.** | |
| Defendant/Respondent:<br> EXACT SCIENCES CORPORATION | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to: EXACT SCIENCES CORPORATION**
**Alias:**
**RA: CSC-LAWYERS INCORP SERV CO**
**221 BOLIVAR ST.**
**JEFFERSON CITY, MO 65101**



*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

17-AUG-2022
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020

Electronically Filed - Jackson - Kansas City - August 10, 2022 - 04:28 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| **BRIAN KING,**            ) | |
|          ) | |
|         **Plaintiff,**    ) | |
|          ) | |
| **v.**          ) | |
|          )  **Case No.** _____ | |
| **EXACT SCIENCES CORPORATION,**  ) | |
|          ) | |
| **Serve at Registered Agent:**  ) | |
| **CSC-Lawyers Incorporating**  ) | |
| **Service Company**  ) | |
| **221 Bolivar St.**  ) | |
| **Jefferson City, MO 65101**  ) | |
|          ) | |
|         **Defendant.**  ) | |

**PETITION FOR DAMAGES**

Plaintiff Brian King, by and through undersigned counsel, and for his claims against Defendant, states and alleges as follows:

**PARTIES**

1.    Plaintiff Brian King is an individual and resident of Kansas City, Missouri.

2.    Defendant Exact Sciences ("Defendant") is a Wisconsin corporation authorized to do business in Missouri.

3.    Defendant employs more than six employees and is an "employer" under the Missouri Human Rights Act ("MHRA"), R.S.Mo. § 213.010(7).

**JURISDICTION AND VENUE**

4.    The actions complained of herein occurred in Kansas City, Jackson County, Missouri, and, accordingly, jurisdiction and venue are proper in this Court.

5.      This Court has jurisdiction over the subject matter pursuant to R.S.Mo. §478.070 as this is an original civil action seeking monetary damages for causes of action accruing in the State of Missouri.

6.      Venue is proper in this Court under R.S.Mo. §508.010 as the events alleged in this Petition took place in whole, or in part, in Jackson County, Missouri.

## CONDITIONS PRECEDENT

7.      Plaintiff timely filed his charge of discrimination with the Missouri Commission on Human Rights on October 8, 2021, charge numbers E-10/21-53344, 28E-2022-00027C.

8.      The MHRA issued its notice of right to sue on Plaintiff's charge of discrimination on May 12, 2022.

9.      This action is timely filed with the Court, and Plaintiff meets all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

10.     Plaintiff began employment with Defendant on or about March 8, 2021.

11.     Plaintiff worked from his home in Kansas City, Jackson County, Missouri, as a sales representative.

12.     Plaintiff's job was to develop relationships with customer targets in his territory.

13.     Plaintiff reported to a supervisor who worked out of her office in Smithville, Missouri.

14.     In July 2021, Defendant instituted a policy of Covid-19 vaccination as a condition of employment. Defendant's policy stated it would consider requests for an exemption to the policy for medical contraindications or disabilities as a reasonable accommodation.

2

15.    In August 2021, Plaintiff requested an accommodation due to a medical contraindication to the COVID-19 vaccines that were available at the time.

16.    Plaintiff had a severe anaphylactic/allergic reaction to the influenza vaccine in 2015.

17.    In support of Plaintiff's request, Plaintiff's doctor supplied multiple letters and information regarding Plaintiff's prior anaphylactic/allergic reaction to the influenza vaccine.

18.    One of Plaintiff's doctor's letters stated the following:

> It is my recommendation that Brian does not get the vaccine due to the anaphylactic reaction he had to the flu vaccine in 2015. ... Per the CDC guidelines, people that have had prior anaphylactic reactions should not get a COVID vaccine.

19.    Plaintiff's doctor also suggested alternative actions Plaintiff could take to maintain safety during his work, including wearing a mask at all times, submitting to weekly testing, and maintaining social distancing and good hygiene practices.

20.    Plaintiff had been wearing a mask, social distancing, and maintaining good hygiene practices since the beginning of his employment, which started during the Covid-19 pandemic.

21.    Plaintiff was able to successfully perform his job while wearing a mask, social distancing ,and maintaining good hygiene practices.

22.    These and other workplace protections were specifically recommended at the time by the Occupational Safety and Health Administration, Equal Employment Opportunity Commission and the Job Accommodation Network as acceptable accommodations for persons with a contraindication to the Covid-19 vaccines.

23.    Defendant failed to engage in the interactive process to reach a reasonable accommodation.

3

24.     Instead, Defendant barred Plaintiff from attending team building meetings even though he had been attending team meetings while masked since the beginning of his employment.

25.     Defendant offered to terminate Plaintiff's employment with a severance agreement and gave Plaintiff four days to make a decision.

26.     Defendant also proposed that Plaintiff try to find an alternative role in the company within four days. Defendant did not offer Plaintiff another position, and any open positions would not have allowed Plaintiff to remain employed while unvaccinated. Each role required Covid-19 vaccination, which Plaintiff's disability prevented him from taking.

27.     Defendant's suggestion that Plaintiff find an alternative role in the company was a pretextual attempt to offer an accommodation that Defendant would never have allowed.

28.     Upon information and belief, Defendant decided that any employee who visits a healthcare setting as part of their job must be vaccinated, without allowing any accommodations. This practice is illegal.

29.     Even healthcare providers such as hospitals and clinics that have mandated Covid-19 vaccination, either voluntarily or through a government or public health agency directive, require accommodations where the employee cannot be vaccinated due to a disabling condition.

30.     On September 27, 2021, Defendant denied Plaintiff's request for a reasonable accommodation.

31.     Defendant terminated Plaintiff's employment on October 4, 2021.

32.     As a result of Defendant's illegal actions, Plaintiff has suffered significant lost wages and severe emotional distress.

33.     Plaintiff has suffered, and continues to suffer, damages as a direct result of Defendant's wrongful conduct.

## COUNT I: MHRA – FAILURE TO ACCOMMODATE

34.     Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

35.     Plaintiff is a qualified individual within the meaning of the MHRA in that he was an individual who, with or without reasonable accommodation, could perform the essential functions of his position, sales representative.

36.     At all relevant times, Plaintiff suffered from a severe anaphylactic/allergic reaction to an influenza vaccine, which, upon the direction and advice of his physician, prevented Plaintiff from receiving any Covid-19 vaccine.

37.     Plaintiff's severe anaphylactic/allergic reaction constitutes a disability in that it substantially limited one or more of his major life activities, including breathing.

38.     In July 2021, Defendant instituted a policy that required each employee to show proof of vaccination against Covid-19 as a condition of employment.

39.     Plaintiff informed Defendant of his disability, his prior severe anaphylactic/allergic reaction to the influenza vaccine, and his doctor's direction and advice that he should not take the Covid-19 vaccine.

40.     Plaintiff asked Defendant for a reasonable accommodation to the mandatory vaccination requirement, including wearing a mask, submitting to weekly testing, and practicing safe hygiene and social distancing protocols.

41.     In response, Defendant denied Plaintiff's request for a reasonable accommodation and terminated his employment.

5

42.     Plaintiff's status as an unvaccinated employee would not have posed a direct threat due to significant risk of substantial harm to the health and safety of Plaintiff or others that could not be eliminated or reduced by reasonable accommodation.

43.     The actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

44.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages in excess of $25,000.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count I of the Petition, for a finding that he was unlawfully discriminated against, for compensatory and punitive damages, pre- and post-judgment interest as provided by law, reasonable attorneys' fees, costs expended, and for such other relief as the Court deems just, proper and equitable.

## COUNT II: MHRA – DISABILITY DISCRIMINATION – WRONGFUL TERMINATION

45.     Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

46.     At all times relevant, Plaintiff suffered from a physical impairment that constitutes a disability, a severe anaphylactic/allergic reaction.

47.     Plaintiff's physical condition substantially limited and interfered with major life activities of, inter alia, breathing.

6

Electronically Filed - Jackson - Kansas City - August 10, 2022 - 04:28 PM

48.     Defendant terminated Plaintiff's employment on or about October 4, 2021.

49.     Plaintiff could have performed the essential functions of his job at the time Defendant terminated his employment.

50.     Defendant knew of Plaintiff's documented disability and contraindication to the Covid-19 vaccines, and Plaintiff's disability was a motivating factor or played a part or role in Defendant's decision to terminate Plaintiff's employment.

51.     The actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

52.     As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages in excess of $25,000.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count II of the Petition, for a finding that he was unlawfully discriminated against, for compensatory and punitive damages, pre- and post-judgment interest as provided by law, reasonable attorneys' fees, costs expended, and for such other relief as the Court deems just, proper and equitable.

## COUNT III: RETALIATION

53.     Plaintiff incorporates by reference each and every allegation in this Petition as if set forth herein.

54. Plaintiff engaged in protected activity by requesting a reasonable accommodation for his disability from August 2021 up until Exact Sciences terminated his employment.

55. Defendant terminated Plaintiff's employment on or about October 4, 2021.

56. Plaintiff's employment termination would dissuade a reasonable worker in the same or similar circumstances from requesting a reasonable accommodation for a disability.

57. Defendant would not have terminated Plaintiff's employment if Plaintiff had not requested a reasonable accommodation for his disability. Plaintiff's protected activity was a motivating factor or played a part in Defendant's decision to terminate Plaintiff's employment.

58. The actions and conduct set forth herein were and continue to be outrageous and with evil motive or reckless indifference or conscious disregard for the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages from Defendant, to punish Defendant and to deter Defendant and others from like conduct.

59. As a direct and proximate cause of the actions and conduct set forth herein, Plaintiff has been deprived of income and other monetary and non-monetary benefits and has suffered and will continue to suffer damages, including lost wages, benefits, emotional distress, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and related compensatory damages in excess of $25,000.

WHEREFORE, Plaintiff prays for judgment against Defendant on Count III of Plaintiff's Petition, for a finding that he was unlawfully discriminated against in violation of law, for compensatory and punitive damages, pre- and post-judgment interest as provided by law, reasonable attorneys' fees, costs expended, and for such other relief as the Court deems just, proper and equitable.

## JURY DEMAND

Plaintiff hereby requests trial by jury on all Counts stated herein.

Respectfully submitted,

HALBROOK WOOD, P.C.

By */s/ Anne E. Baggott*
Anne E. Baggott    MO #59187
Abbey M.B. Lee    MO #72900
3500 W. 75th Street
Prairie Village, KS 66208
(913) 529-1188
(913) 529-1199 – FAX
abaggott@halbrookwoodlaw.com
alee@halbrookwoodlaw.com

**ATTORNEYS FOR PLAINTIFF**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| **BRIAN KING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **Case No. _____** |
| **EXACT SCIENCES CORPORATION,** | ) |
| | ) |
| **Serve at Registered Agent:** | ) |
| **CSC-Lawyers Incorporating** | ) |
| **Service Company** | ) |
| **221 Bolivar St.** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| **Defendant.** | ) |

**DESIGNATION OF LEAD COUNSEL**

Anne E. Baggott of Halbrook Wood, P.C., hereby enters her appearance as lead counsel of record for Plaintiff Brian King in this matter.

Respectfully submitted,

HALBROOK WOOD, P.C.

By */s/ Anne E. Baggott*
Anne E. Baggott        MO #59187
Abbey M.B. Lee         MO #72900
3500 W. 75th Street
Prairie Village, KS 66208
(913) 529-1188
(913) 529-1199 – FAX
abaggott@halbrookwoodlaw.com
alee@halbrookwoodlaw.com

**ATTORNEYS FOR PLAINTIFF**

S I X T E E N T H   J U D I C I A L   C I R C U I T   C O U R T   O F   J A C K S O N   C O U N T Y

# CIVIL FILING INFORMATION SHEET

☐ at Kansas City ☐ at Independence

*file stamp here*

**CASE #:** _____

## PARTY PLAINTIFF/PETITIONER

Last Name: KING

First Name: BRIAN          Middle Initial:

Social Security Number: 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

Address: 435 W MEYER BLVD

City: KANSAS CITY    State: MO    Zip: 64113

Email Address:

## LEAD ATTORNEY OF RECORD-PLAINTIFF/PRO SE

Last Name: BAGGOTT

First Name: ANNE          Middle Initial: E

Address: 3500 W 75TH ST, SUITE 300

City: PRAIRIE VILLAGE    State: KS    Zip: 66208

Phone #: 913.529.1188    Fax #: 913.529.1199

MO Bar Number: 59187    E-Mail: ABAGGOTT@HALBROOKWOODLAW.COM

## PARTY DEFENDANT/RESPONDENT

Last Name: EXACT SCIENCES CORPORATION

First Name: CSC LAWYERS INCORPORATING SERVICE CO    Middle Initial:

Social Security Number:

Address: 221 BOLIVAR ST

City: JEFFERSON CITY    State: MO    Zip: 65101

Email Address:

**Service Instruction for each defendant listed:**

☐ Jackson County:

☐ Out of County--Provide info below ☒ Private Process

Sheriff Name/Address:

## LEAD ATTORNEY OF RECORD-DEFENDANT *(if known)*

Last Name:

First Name:          Middle Initial:

Address:

City:    State:    Zip:

MO Bar Number:    E-Mail:

## CIRCUIT CIVIL CASE INFORMATION

Case Type Description: EMPLOYMENT DISCRIMINATION

Case Type Code: TJ

*Court Rule 3.1.4-Case Type Code--See Civil Case Codes on Reverse and under the forms section of the Court's website at www.16thcircuit.org*

**Case Track:**

☐ Expedited: (Out of state witness, injunction, TRO, extraordinary remedy, replevins, etc.)

☒ Standard

☐ Complex: (Asbestos, tobacco, or other cases that will likely take more than 2 weeks to try)

## OTHER IMPORTANT INFORMATION

■ Review Division-Specific Information on the Court's website to understand the requirements in processing your case--**www.16thcircuit.org**

■ **Court Rule 4.2** requires that this form must be **complete** and include a **filing deposit** or your petition will not be accepted for filing

■ **Court Rule 3.5 Designated Lead Attorney** requires that each party is responsible for keeping the designated lead attorney information current

■ **Court Rule 21.9 Attorney Change of Address/Facsimile** requires each attorney to keep their address, etc. up dated with the Court Administrator's office.

Date: 8/10/2022          Attorney/Pro Se Signature: Anne E. Baggott

Form 4

CIRCT A1253    8/18/09

**CONFIDENTIAL DOCUMENT**
**DO NOT KEEP IN COURT FILE**

Electronically Filed - Jackson - Kansas City - August 10, 2022 - 04:28 PM